IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2013 OCT 31  AM 10: 43

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ KKL
          DEPUTY

CELTIC BANK CORP.,
        Plaintiff,

-vs-                                             Case No. A-13-CA-040-SS

TONY L. JACOBS, JR. and JACOBS STONE
PRODS., INC.,
        Defendants.

## ORDER

BE IT REMEMBERED on the 17th of October, 2013, the Court held a hearing in the above-styled cause, and the parties appeared by and through counsel. Before the Court are Plaintiff Celtic Bank Corp.'s Motion to Dismiss Counterclaims [#65], Defendants Tony L. Jacobs, Jr., and Jacobs Stone Products, Inc.'s Response [#66], and Celtic Bank's Replies [##67, 68]; and Celtic Bank's Opposed Motion to Compel [#69], Defendants' Response [#71], and Celtic Bank's Reply [#72]. Having reviewed the documents, the arguments of the parties at the hearing, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This case concerns the parties' respective rights to a stone quarry and stone processing facility purchased at a foreclosure sale by Celtic Bank. Defendants currently occupy the property and operate a stone quarrying business, and claim a right to possession of the property based on leases made between Defendant Tony Jacobs, Jr., and his parents and their company. This Court previously dismissed Defendants' counterclaim under the Texas Property Code for failure to state a claim.



Order of Mar. 28, 2013 [#37]. Defendants have since amended their answer and asserted new counterclaims. Celtic Bank now moves to dismiss those new counterclaims, and to compel production of certain records.

## Analysis

### I.  Motion to Dismiss

#### A.  Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**B.     Application**

Defendants assert three counterclaims: (1) violations of the Texas Deceptive Trade Practices Act (DTPA); (2) tortious interference with contract; and (3) declaratory judgment. None have any merit.

With respect to Defendants' DTPA claim, Defendants argue Celtic Bank is engaging in deceptive trade practices by refusing to accept Defendants' offer to purchase the properties at issue for a price to be determined by an appraiser. Celtic Bank has rejected this offer, instead asking $800,000 for the property. Defendants' counterclaim is absurd on its face. Celtic Bank has no obligation to sell the property to Defendants, or to anyone else. Celtic Bank also has no obligation to sell the property at a price Defendants believe to be fair. Celtic Bank owns the property and may ask whatever price it wishes, regardless of whether the "fair market value" of the property justifies the asking price. The law does not guarantee to anyone the right to purchase a desired property at a price they deem fair, and certainly does not make it a deceptive trade practice to ask too much for a property.

Even if Defendants' DTPA counterclaim passed the laugh test, it would still fail to state a claim for multiple reasons. For example, the DTPA by its own terms does not apply "to a cause of

action arising from a transaction, a project, or a set of transactions relating to the same project, involving total consideration by the consumer of more than $500,000, other than a cause of action involving a consumer's residence." TEX. BUS. & COM. CODE § 17.49(g). Celtic Bank's allegedly tortious conduct, asking $800,000 for the non-residential properties, plainly falls within this exception. Additionally, Defendants cannot take advantage of the DTPA because their post-lawsuit attempts to buy the property do not amount to a "consumer transaction." *See Ortiz v. Collins*, 203 S.W.3d 414, 425 (Tex. App.—Houston [14th Dist.] 2006, no pet.) ("Negotiations to settle litigation do not constitute consumer transactions, even when the subject of the litigation involves a good such as a house. Otherwise, every lawsuit concerning a dispute over the purchase or lease of a good or service would itself constitute a consumer transaction." (citation omitted)).

Defendants' tortious interference claim argues Celtic Bank interfered with the leases between Tony Jacobs, Jr., and his parents by forcing Defendants off the property after Celtic Bank purchased the property at the foreclosure sale. But Defendants admit Celtic Bank's purchase of the property extinguished any interest the previous owners had in the property. In other words, even if Defendants' theory of the case is correct and their leases are valid, Celtic Bank merely took the property subject to those leases and is now the lessor. Celtic Bank could not subsequently tortiously interefere with its own lease contract. *Holloway v. Skinner*, 898 S.W.2d 793, 796 (Tex. 1995). Alternatively, even if Celtic Bank *did* tortiously interfere with the leases, its interference was justified as a matter of law by its claim to the property. *See Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 81 (Tex. 2000) ("Generally, justification is established as a matter of law when the acts the plaintiff complains of as tortious interference are merely the defendant's exercise of its own contractual rights.").

Finally, Defendants seek a declaratory judgment adjudicating the rights of the respective parties to the property. This is precisely the relief Celtic Bank already seeks, and the counterclaim adds nothing new to the lawsuit. It is therefore properly dismissed as nothing more than an attempt to gain a right to recover attorney's fees for successfully defeating Celtic Bank's affirmative claims. *See HECI Exploration Co. v. Clajon Gas Co.*, 843 S.W.2d 622, 638–39 (Tex. App.—Austin 1992, writ denied) (declaratory judgment act may not be invoked to duplicate relief sought in already pending suit).

## II.  Motion to Compel

Celtic Bank also seeks to compel production of various documents from Defendants. As this Court explained at the hearing, the Court will order production of the following: (1) tax returns for the years 2007 to 2010, to be produced once this Court has entered either an agreed protective order or the standard Western District of Texas protective order; (2) names of Defendants' employees from 2010 through the date this lawsuit was filed; and (3) unredacted copies of the safety forms previously produced, to be produced once this Court has entered either an agreed protective order or the standard Western District of Texas protective order. If the parties do not submit an agreed protective order by November 8, 2013, this Court will enter its standard protective order.

### Conclusion

Accordingly,

IT IS ORDERED that Plaintiff Celtic Bank Corp.'s Motion to Dismiss Counterclaims [#65] is GRANTED;

IT IS FURTHER ORDERED that Defendants Tony L. Jacobs, Jr., and Jacobs Stone Products, Inc.'s amended counterclaims are DISMISSED WITH PREJUDICE;

IT IS FINALLY ORDERED that Celtic Bank's Opposed Motion to Compel [#69] is GRANTED as described in this opinion.

SIGNED this the 30th day of October 2013.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE